# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Shameka M. Arrington

January 2, 1997

Case No. CR96-303, 388, 389

BY JUDGE ROBERT P. DOHERTY, JR.

The Defendant asks the Court to suppress evidence of actions and statements she made while she was evading arrest by store employees for an alleged felony theft. The Defendant alleges that her actions of partially removing a shirt and saying, "You can just keep it," constitute evidence of a crime with which she is not charged, and consequently, such evidence would prejudice and confuse the jury. The Commonwealth believes that the evidence is proper.

The actions and statements made by the Defendant from the time she entered the store until she finally left the parking lot are germane to the criminal charge. They are so closely connected in time to the actual alleged offense that their probative value outweighs their prejudicial effect.

> Every fact, however remote or insignificant, that tends to establish a probability or improbability of a fact in issue is admissible. [Citations omitted.] Of course, the weight to be given such circumstantial evidence is an issue for the jury. *Chen v. Commonwealth*, 240 Va. 26 (1990).

If the Defendant feels that the manner in which the evidence unfolds at trial causes the jury to speculate about whether or not the Defendant was referring to another crime, then appropriate instructions can be tendered and given to the jury.

The Defendant's motion to suppress is denied.